## METROPOLITAN LIFE INS CO v JOHNSON-SHELTON CO

Ohio Appeals, 2nd Dist, Montgomery Co

No 1322. Decided June 10, 1935

Craighead, Cowden, Smith & Schnacke, Dayton, for plaintiff in error.

Estabrook, Finn & McGee, Dayton, for defendants in error.

## OPINION

By BARNES, PJ.

We do not understand that this question is urged in this court, but if so, we conclude that the evidence was ample to sustain the finding and judgment of the lower courts that the endorsement signatures of the Cotterills were genuine and not forgeries.

The petition in error filed by the Insurance Company in this court sets out five separate specifications of error, but these may all be summarized under the general claim that under the undisputed facts and the law the plaintiff should not have recovered.

In the brief of counsel for plaintiff in error on page 3, three defenses are stated, as follows:

1. A denial that the plaintiff was the owner and holder of said check and a general denial.

2. A plea that the check has been paid and therefore fully discharged.

3. A plea of estoppel against the plaintiff now recovering under the old check from the Insurance Company.

On the following page counsel state that they rely particularly upon the second and third defenses.

No cause directly in point is cited, nor do we find any in our search. Numerous sections of the General Code from the Negotiable Instrument Act, are cited. We fail to find them helpful under the peculiar facts of the instant case.

That the plaintiff should have a right to recover against some one is apparent from the statement of facts after it is once determined that the endorsement signatures were genuine and not forgeries. The only question of moment is as to who is liable.

The check was regular on its face, duly and properly endorsed and the plaintiff company became the holder and owner thereof in due course. They acted promptly, cashed the check through their bank in Dayton, taking credit for the amount, and the same was duly cleared and returned to the bank of issue in New York within six days from the time it was mailed out.

The action of the Cotterills in claiming forgery was not based on facts, as has now been determined. The action of the Insur-

ance Company in accepting the claim of forgery was wrongful since the endorsement signatures were genuine.

Their action in requesting the Dayton bank to reimburse their account in the New York bank by reason of the claimed forgery was wrongful, because there was no forgery.

· The Dayton bank could have very properly refused the request of the defendant Insurance Company, but it is elementary that the Insurance Company can not complain of this action when taken on their request.

It is possible· that the Dayton bank of deposit would also be liable, but this can not aid the Insurance Company, when it is a party to the wrong and wrongfully receives the money equalling the amount of the check.

Had the defendant Insurance Company presented this evidence to the Dayton bank of deposit with request to investigate the question of forgery, and if it found the endorsements forged and not genuine, then to remit, as under its guarantee or endorsements it was bound to do, we would have an entirely different situation. In that instance it would place the entire responsibility of determining the question of forgery on the Dayton bank and if it saw fit to determine the question without contacting the plaintiff, it would do so at its peril. However, since the Insurance Company saw fit to accept on the evidence at hand the claim of forgery, and then requested the Dayton bank of deposit to reimburse by reason of its endorsement guarantee of prior endorsements, it, the Insurance Company, received a sum of money to which it was not entitled and the plaintiff thereby should have the right to recover.

Referring to the claim of estoppel, under the third defense, we fail to find any evidence supporting this claim.

· Estoppel only arises where the party fails to speak or act where, under a full knowledge of the facts and circumstances, there arises a duty so to do. Under the agreed statement of facts and any other evidence presented the plaintiff company had no knowledge of the claim of forgery until after the wrongful acts had been consummated to the point that the Insurance Company had been reimbursed, for the full amount of its original check. Thereby it necessarily follows that no conduct of the plaintiff company could possibly be the predicate for a claim of estoppel. Counsel for the Insurance Company throughout their brief frequently state that the plaintiff caused the refund to be made. In other instances they characterize it as permitting the refund to be made and again acquiesced in the refund being made. If the facts under the record would support this claim, we would have a different question. As bearing on this question we quote from the agreed statement of facts on page 2:

"The original cancelled check, together with said affidavits, were then forwarded by it to the Winters National Bank and Trust Company, and request made to it to pay the amount of said check to the drawee bank in New York under its endorsement contract, and said Winters National Bank and Trust Company thereafter allowed said claim and forwarded a refund of the amount of said check to the Chase National Bank of New York. The amount of this check was thereupon charged back to the Winters National Bank and Trust Company to the account of the Johnston-Shelton Company, with it. and the original check was returned to the Johnston-Shelton Company, and that said check is the one upon which this suit is brought against the Cotterills and against the Insurance Company."

We find against the claim of estoppel.

Finding no prejudicial error in the record and proceedings of the lower courts, the judgment is affirmed and the cause remanded for further proceedings according to law.

Costs will be adjudged against plaintiff in error.

Exceptions will be allowed to plaintiff in error.

HORNBECK and BODEY, JJ, concur.